## DICKERSON & WAYNE *versus* TOULMIN.

1. The appellate court will not consider the propriety of a decision of an inferior court, made in respect to a motion proposed to such court, without any proof to sustain it.
2. A record, showing that a motion was made and dismissed in the court below, against a sheriff, to compel the payment of money levied on one execution, to satisfy another, alleged to be prior in date, which discloses no proof, or offer of proof of the facts; and which motion purports to have been made by "representatives" of a party, not shewing who they were; is too indefinite to authorise a reversal for error.

Error from Mobile Circuit Court.

Crosby Dickerson & William C. Wayne obtained judgments against one Barton, on the thirtieth day of February, 1828—being a special term of Mobile Circuit Court. S. C. McDowall, at the regular March term following, also had judgment against the same defendant. Dickerson & Wayne, respectively, took out executions on their judgments, returnable to the succeeding regular term of the court. McDowall's execution issued on the sixth day of April, 1829, and alias executions, on the part of the plaintiffs in error, on the thirtieth day of the same month. The process in favor of McDowall being levied, as was alleged, on real estate, and the money made thereon, a motion was submitted to the court, on the part of the plaintiffs in error, to subject the amount to their executions. The court overruled the motion, and a bill of exceptions brought the case into this court. The exceptions taken, show the motion to have been made on the part of the representatives of Dickerson & Wayne, without the production of any proof of the points moved; or without showing who those representatives were.

*Stewart* for plaintiff—*Hitchcock, contra.*

SAFFOLD, J.—From the scanty record in this case, it appears that the plaintiffs in error, were each plaintiffs in distinct executions, which had issued from from the Circuit Court of Mobile county, against Willoughby Barton; that on the 10th day of December, 1829, the Circuit Court of said county being then in session, George F. Salle, esq., as attorney for the plaintiffs, addressed to the court a motion as follows:

After stating the two cases, as between the original parties to the executions, the record says, "in these cases, the representatives of the plaintiffs, by their counsel, move the court, that the sheriff, T. D. Toulmin, esq., be ordered to pay over any monies which he may have collected upon an execution issued in favor of Samuel C. McDowall, against Willoughby Barton—the executions and judgments of said Dickerson & Wayne being prior in point of time;" which motion the court overruled.

All the facts appearing in the case are stated in a bill of exceptions, and are these: that the respective plaintiffs, Dickerson & Wayne, obtained judgments against Barton, at a special term, in February, 1828, on the 30th day of the month; that McDowall obtained his judgment against the same, at the regular March term following; that Dickerson & Wayne respectively issued executions on their judgments, returnable to the succeeding regular term; and alias executions, dated the 30th of April, 1829. It also appeared, that McDowall's execution issued on the 6th of April, 1829.

The cause of error assigned is, that the court refused the motion.

From the state of the record, preliminary points

present themselves for the consideration of the court; which, if determined against the plaintiffs in error, will preclude any inquiry respecting the priority of lien; or the power of the court to direct the application of any money supposed to have been made by the sheriff.

1. The motion purports to have been made at the instance, and for the benefit, of the representatives of the plaintiffs, Dickerson & Wayne. This implies that they are dead, and that the motion was made at the instance of the executors, or administrators, without shewing which; who they are, or what other representatives have the parties in interest. To authorise the proceeding below, or the prosecution of a writ of error, it is necessary the parties should be known.

2nd. The plaintiffs, Dickerson & Wayne, appear to have been several plaintiffs in different executions; the motion below recognized them as such; consequently, they had no authority to unite in the prosecution of a writ of error, as joint plaintiffs.

3d. It is not sufficiently shewn by the bill of exceptions, or any other part of the record, that any money had been made by the sheriff on McDowall's execution; or, that any levy had been made on Barton's property, either real or personal. The motion, in its true form, as at first made and entered on the record, is stated to have been, "that the sheriff be ordered to pay over any monies which he may have collected," on the execution. And in the conclusion of the bill of exceptions, the motion is recited in a varied form, so as to contain an assumption that a levy on real estate, and money had been made, thus : "a motion is now made to have the money made on

McDowall's execution, which was levied on real es-
tate, applied to the benefit of Wayne & Dickerson's
executions." But it is in no manner shewn, that the
slightest proof was made or offered by the sheriffs re-
turn or otherwise, of the truth of these facts assum-
ed by the motion ; nor that any money that might
have been made, not having been paid over to the
plaintiff, still remained in the sheriff's hands.

We have, therefore, no hesitation in deciding that
this court is incompetent to assume or infer the exis-
tence of the facts.   Therefore, without considering
the merits of the question intended to be presented
by the motion, and to which the argument was main-
ly directed ; and without determining whether, if the
proceedings had been regular, this was a motion,
which in its nature would have been subject to revi-
sion on error, or which can create a bar to a subse-
quent proceeding in the same or a different form to
effect the same object ; we are of opinion there is no
error shewn in the record, and the judgment must be
affirmed.

LIPSCOMB, C. J. not sitting.