## THE STATE v. WARREN STANLEY, Plaintiff in Error.

### Division Two, February 12, 1910.

1. **WRIT CORAM NOBIS: To Correct Error Apparent of Record.** For an error of fact in the proceedings of a court of record a writ of error *coram nobis* will lie to correct the judgment. But the writ does not lie to correct an adjudication of fact which appears upon the face of the record, but only to correct an error of fact which did not appear in the record. So that where petitioner, in his application for the writ, states that this court, in holding that his bill of exceptions was not filed in time in his appeal from the judgment of the circuit court, ignored a matter of fact apparent upon the face of the record, of which fact the court must take judicial cognizance, he states himself out of court.

2. ————: ————: **That Last Day Was Sunday.** The circuit court on November 14th extended the time in which appellant might file his bill of exceptions sixty days, and this order was renewed on January 14th, and this court held on petitioner's appeal the time had expired when the last order was made, being sixty-one days, and the application for a writ of *coram nobis* concedes this court in estimating the time correctly found that the sixty days had expired before the extension was attempted to be made, but says the matter of fact which did not appear to the court was that the last day of these sixty days, to-wit, January 13th, was Sunday, and that "this court was in error upon the question of fact that the last day for making further orders for filing the bill of exceptions expired on the 13th day of January, instead of the 14th, because the court must judicially know that January 13th was Sunday and all acts within the law prescribed to be done upon that day may be done upon the day following." *Held*, that the court takes judicial notice of the calendar, and with the fact before it that January 13th was Sunday decided that it was one of the sixty days within which

State v. Stanley.

defendant was to file his bill, and having so decided its judgment cannot be reviewed by a writ of error *coram nobis*, because, even if it were an error, it was an error of law, and not of.fact.

3. ———: **When Available: After Term.** The writ of error *coram nobis* does not authorize a court to review its adjudications after a lapse of the term at which they were made.

4. ———: ———: **Fact Must Be Before Court.** The writ of error *coram nobis* is only allowed for the recall of some adjudication made while some fact existed which, if before the court, would have prevented the adjudication, and which without any fault or negligence on the part of the petitioner was not presented to the court.

5. ———: ———: **Failure to Take Timely Action.** Where the petitioner had opportunity to bring to the attention of the court the matter complained of and failed to do so, the writ of error *coram nobis* will not avail him. Where this court on petitioner's appeal decided that the order extending the time in which he might file his bill of exceptions had not been timely made, and he had ten days in which to file his motion for a rehearing and for the correction of any error in that opinion, and he filed his motion for a rehearing but made no complaint of the decision in that regard, he cannot now be heard to complain that the decision was erroneous.

## Application for Writ Coram Nobis.

WRIT DENIED.

*C. P. Hawkins* for plaintiff in error.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General; for the State.

(1) The writ of error *coram nobis* is grounded upon latent errors of fact which do not appear upon the face of the record, but which must be brought to the attention of the court by evidence *aliunde*. It is in the nature of a new action, analogous to the writ of error. It necessarily depends upon the production of extrinsic evidence, for the error does not appear as in the case where the remedy is in the ordinary writ

of error, and the test to be applied as to whether or not the proceeding will lie is to consider whether the irregularity of error of fact arises upon the face of the record proper. If it does, the writ will not lie. If it is a fact that must be disclosed by the production of extrinsic evidence, and the court would be disabled from rendering the judgment that it had already rendered, upon the disclosure of such extrinsic evidence or evidence *dehors* the record, then the writ will lie, otherwise the application for the writ should be refused. Hirsh v. Weisberger, 44 Mo. App. 510. If the remedy or writ of error *coram nobis* can be obtained on the grounds alleged in appellant's application here, there would be little certainty in judicial proceedings and no finality in the judgment of courts. Asbell v. State, 62 Kan. 214; Dugan v. Scott, 37 Mo. App. 663. A petition or motion in the nature of a writ of error *coram nobis* lies to set aside a judgment rendered in consequence of an error of fact not apparent on the face of record. State ex rel. Horine, 63 Mo. App. 1; State v. Heinrich, 14 Mo. App. 146; Powell v. Gott, 13 Mo. 459; Sanders v. State, 85 Ind. 326; Milam Co. v. Robertson, 47 Tex. 231. The writ of error *coram nobis* is confined as a remedy to errors of fact, and does not reach errors of law. Hillman v. Chester, 12 Heisk. (Tenn.) 36; Bank v. Upman, 14 Wis. 599. (2) Where the facts appear upon the face of the record, the application for a writ of error *coram nobis* is properly denied. Powell v. Gott, 13 Mo. 458; Latshaw v. McNees, 50 Mo. 381; LaBourgeoise v. McNamara, 82 Mo. 193. (3) The writ of error *coram nobis* will not be granted to correct an error of law or a matter of fact shown upon the face of the record; or a fact that the court will take judicial notice of (the latter being a fact unnecessary to be proven). Jeffery v. Fitch, 46 Conn. 604; Albree v. Johnson, 1 Flipp. 345; Bridendolph v. Zellers, 3 Md. 333; Beaubien v. Hamilton, 4 Ill. 217; Peak v. Shasted, 21 Ill. 138; State ex rel. v. Riley, 219 Mo. 667. (4) The writ of error

*coram nobis* is not a writ of right, it is a matter of discretion with the court before which the application is made, whether upon the affidavit to grant the writ, the court will use its judicial discretion in granting the writ. Neither does the granting of the writ decide the fact assigned for error definitely. Tyler v. Morris, 20 N. C. 515; Birch v. Triste, 8 East 415; Ribout v. Wheeler, Sawyer's R. 166; Smith v. Kingsley, 19 Wend. 620; Higbie v. Comstock, 1 Denio 652. The court in passing upon the application or motion for the writ should not consider any facts in evidence, or that might have been put in evidence by the party applying for the writ. 23 Cyc. 884; Dobbs v. State, 63 Kan. 321; Hadley v. Bernero, 103 Mo. App. 549; State v. Wallace, 209 Mo. 365. The court has taken judicial notice of the facts and allegations alleged in appellant's application for writ of error *coram nobis,* in its opinion and decision of this cause. Hodgson v. Banking House, 9 Mo. App. 24; Said v. Stromberg, 55 Mo. App. 438; State v. Harris, 121 Mo. 445; State ex rel. v. Todd, 72 Mo. 288; 1 Greenleaf on Evidence, sec. 5, pp. 9, 10, 11; 1 Elliott on Evidence, secs. 57 and 58; Moson v. Crowder, 85 Mo. 526.

GANTT, P. J.—This is an application for a writ of error *coram nobis,* by the petitioner, to set aside and vacate the judgment of this court affirming the judgment of the circuit court of Dunklin county on June 8, 1909. The facts upon which this application is based are as follows:

On the 15th of October, 1904, an information was filed in the circuit court of Dunklin county by the prosecuting attorney of said county charging the petitioner herein with murder in the first degree of one F. E. Holliday on the 15th of May, 1904. The defendant was duly arraigned and entered his plea of not guilty, and at the November term, 1905, of the Dunklin county circuit court he was convicted of mur-

der in the second degree, and his punishment assessed
at imprisonment in the penitentiary for a term of fifty
years. After unavailing motions for a new trial and
in arrest of judgment, the defendant therein, the peti-
tioner here, appealed to this court. At the April term,
1909, of this court that judgment and sentence was
affirmed. It appears that when the appeal was granted
in the circuit court on the 14th of December, 1905, the
court made an order allowing the defendant to file
his bill of exceptions on or before the first Monday
in May, 1906, and afterwards on the 7th day of May,
1906, it being the first day of the May term, 1906,
of the said court, it was ordered that the time for
filing the bill of exceptions in the said cause be ex-
tended ninety days from that date, and afterwards
on the 24th day of July, 1906, it being in vacation of
said court, the judge of said court, in writing, for
good cause shown, further extended the time of the
filing of the said bill to the third day of the Novem-
ber term, 1906, of the said court, and filed said written
extension in the office of the clerk of the said court.
Afterwards on the 12th day of November, 1906, the
time was extended sixty days from the expiration of
the time theretofore granted for the filing of the said
bill. It then appears that on the 14th of January, 1907,
in vacation, the counsel for the defendant and the
prosecuting attorney filed a written stipulation extend-
ing the time thirty days from the expiration of the
time previously fixed. Afterwards on the 12th day
of February, 1907, in vacation, the judge of the said
court further extended the time to the 15th day of
March, 1907, and filed his order with the clerk of the
circuit court, and thereafter on the 12th day of March,
1907, the defendant filed his bill of exceptions in the
said cause. The cause was set down for trial in this
court for April 13, 1909, at the April term, 1909, of
this court, and was duly submitted by the State on

brief, no counsel appearing for the defendant and no brief was filed on his behalf. In the brief filed for the State, the point was made that the bill of exceptions could not be considered for the reason that the same was not filed within the time allowed by the order of the court made on the 13th day of November, 1906, but that the sixty days then allowed expired on January 13, 1907, and consequently the order made on January 14, 1907, was invalid because the court had lost jurisdiction to extend the same. In the opinion of this court it was said on this point: "The court allowed several extensions of the time for filing a bill of exceptions in this case. We find from the record that on July 24, 1906, the time for filing the bill was by the court extended to the third day of the November term, 1906, of said court, which third day was the 14th day of November. The court made an order extending the time for filing the bill sixty days from the expiration of the time theretofore granted for filing the same, but it is shown by the record that the next order granting a further extension of time was not made until the 14th day of January, 1907; so that, by computing the time from the 14th day of November, 1906, to the 14th day of January, 1907, it will be readily seen that sixty-one days, or one day more than the time allowed, had elapsed between the last and the immediately preceding order of the court in this regard, and any further extension of time for filing the bill, after the sixty days previously allowed had expired, availed the defendant nothing. [State v. Simmons, 124 Mo. l. c. 446.]" It was accordingly ruled that the bill of exceptions could not be considered by this court in reaching its judgment.

As a ground for his application for a writ of *coram nobis,* it is alleged: "It also appears from the record, but not from the opinion, that the bill of exceptions was filed within the time mentioned by the last order (to-wit, the order of November 12th,

1906). It also appears from the record that this court held that no bill of exceptions was filed within the time allowed by the trial court and in such holding this court was mistaken in and ignored a matter of fact apparent upon the face of the record, of which fact this court must take judicial cognizance. In other words, the trial court had previously extended the time for the filing of a bill of exceptions to the third day of the November term, 1906, which date this court must judicially know and from the opinion did know, was the 14th day of November, 1906. This court judicially determined that a grant of leave to file bill of exceptions made on the 14th of January, 1907, was without the time, i. e., that it was sixty-one days instead of the sixty days granted by the trial court. In this, this court was in error in the matter of fact, which fact is apparent of record and within the judicial knowledge of this court, viz., that the last day to file said bill of exceptions fell upon Sunday and the order granting the extension of time for the filing of the bill of exceptions was made upon the Monday following. This court was in error upon the question of fact that the last day of taking further orders as to the filing of a bill of exceptions expired on the 13th day of January, 1907, instead of January 14, 1907, because the court must judicially know that January 13th was Sunday and that all acts within the law prescribed to be done upon that day could lawfully be done upon the day following, whereupon defendant prays that he may be granted a writ of error *coram nobis,* to the end that this fact not heretofore heard and determined by the court and not heretofore known to the defendant herein, may now be judicially recognized.

I. It is settled that for an error in fact in the proceedings of a court of record a writ of error *coram nobis* will lie to correct the judgment. [State ex rel.

v. Riley, 219 Mo. l. c. 682.] In Dungan v. Scott, 37 Mo. App. l. c. 669 and 670, the Kansas City Court of Appeals said: ''The contention being that nothing can be heard *dehors* the record to establish the fact of defendant's death. If this contention be true, then, not only is the form of the proceedings on a writ of error *coram nobis* abrogated, but the remedy, or very substance of the writ itself is gone. For the writ was always brought into requisition to correct some error of fact which did not appear in the record and which was unknown to the court.'' In Marble v. Vanhorn, 53 Mo. App. l. c. 364, it was said: ''There is another important rule found in this branch of the law, viz., that where the party complaining knew the fact, or might have known it, and failed to bring it to the attention of the court, he cannot afterwards do so. Thus, 'A man shall never assign that for error which he might have pleaded in abatement, for it shall be accounted his folly to neglect the time of taking that exception. As, if a *feme covert* bring an action in her own name *per attornatum,* and the defendant plead in bar to the action, he shall never afterwards assign the coverture for error.' [3 Bacon's Abridgments, Error, 375.] And so, in keeping with what has been already said, if the matter be once passed upon as an issue, this motion cannot be invoked; for if it could it would be apparent that there would be no end to litigation. [McKindley v. Buck, 43 Ill. 488; 1 Freeman on Judgments, sec. 94.]'' And this is the rule in other jurisdictions. In Asbell v. The State, 62 Kan. l. c. 214, the court said: ''It cannot reach any matter of fact known to the court, for such would be error of law, and might be remedied by writ of error. Nor can the writ reach matters of fact known, or which by the exercise of reasonable diligence could have been known, to or by the party making the application at the time of the court's error. Nor can the writ give a new trial on the grounds of evidence going to the merits,

but undiscovered in time for use on the original trial, or newly-discovered evidence." In Sanders v. The State, 85 Ind. l. c. 326, Judge ELLIOTT speaking for the court said: "The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." In Milam Company v. Robertson, 47 Texas l. c. 232, it was said by the court: "But, where the error is of law, though touching a matter of fact apparent upon the record, and assignable as error, and is directly passed upon or affirmed by the court, it can neither be reversed nor corrected, on such writ, nor by motion, after the adjournment of the term at which it was rendered. In such cases, relief can be had, if at all, only on appeal, or by writ of error to a superior or supervising tribunal." See, also, Hillman v. Chester, 12 Heisk. (Tenn.) l. c. 36; Bank v. Upman, 14 Wis. 599; Latshaw v. McNees, 50 Mo. l. c. 384; Powell v. Gott, 13 Mo. 458.

With these recognized principles in view let us now inquire whether the applicant brings himself within their purview so as to entitle him to a writ of *coram nobis*. In his application he states that this court in holding that his bill of exceptions was not filed within the time, ignored a matter of fact apparent upon the face of the record of which fact this court must take judicial cognizance. If he is correct in this assertion, then he states himself out of court, because it is everywhere adjudged that this writ does not lie to correct a fact which appears upon the face of the record, but only to correct an error of fact which did not appear in the record. Counsel concede that the court in estimating the time correctly found that these sixty days had expired before the extension

was attempted to be made on the 14th of January, 1907, but he says the matter of fact which did not appear to the court was that the last day of these sixty days was Sunday and that, that being the case, it was sufficient to take an additional extension to the sixty-first day. The learned counsel assumes, without any evidence to support his assertion, that this court did not know that the 13th day of January, 1907, was Sunday. Courts take judicial notice of the calendar, and every presumption must be indulged in favor of the judgment of a court of general jurisdiction and as it appears upon the face of the calendar that January 13th was Sunday, it must be presumed that this court took cognizance of that fact, a fact which no evidence was required to establish. The specific fact, which this court had brought to its attention by the Attorney-General in his brief, was that the sixty days' time had expired, and it passed directly upon that question in deciding the cause, as appears by our opinion in the case, so that the presumption that our attention was not called directly to this question is without foundation. It seems apparent to us that counsel seeks to have us review and revise our opinion rendered at the April term, 1909, after that term has elapsed, and the rule everywhere is that this writ does not authorize any court to recall its adjudications after a lapse of the term. But again, this writ is only allowed to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which without any fault or negligence of the party was not presented to the court. Now, conceding that the 13th of January, 1907, was Sunday, will that fact avail the applicant herein? We are clearly of the opinion that it will not. As already said, this court takes *ex officio* notice of the calendar and therefore knew that the 13th of January, 1907, was Sunday, and yet with that fact before it decided that it was one of the sixty

days within which the defendant was to file his bill of exceptions. Conceding that the court erroneously included Sunday in this count of the sixty days, it was but an error of law for which this writ will not lie. And the matter having once been passed upon as an issue directly presented to it on the part of the State, this writ cannot be invoked after the end of the term at which the judgment was rendered.

II. But there is another reason why in our opinion the applicant is in no position to invoke this writ at this time, because this court passed directly upon this question of the expiration of the time for filing the bill, and the defendant in that case, the applicant here, was allowed ten days within which to file his motion for a rehearing and the correction of any error in that opinion. With the opinion of this court before him deciding this identical point against him he filed his motion for rehearing and made no complaint of this error of which he now complains, and thus the rule announced in Marble v. Vanhorn, 53 Mo. App. 364, is applicable, to-wit, that where the party complaining knew the fact, or might have known it and failed to bring it to the attention of the court when he had an opportunity so to do, he cannot afterwards do so. In State v. Wallace, 209 Mo. l. c. 355, it was said: "It is not, however, a writ of right, but is granted or refused in the discretion of the court on affidavits presented or evidence adduced; and it has been held that the action of the court in granting the writ will not be reviewed upon appeal. But the court in passing upon the application or motion for the writ should not consider any facts that might have been put in evidence by defendant had he been put upon trial in the case. [23 Cyc., p. 884; Dobbs v. State, 63 Kan. 321; Hadley v. Bernero, 103 Mo. App. 549.]" An issue of fact wrongly decided is not error in that technical sense in which the writ refers. As

already seen it has been uniformly ruled that a party
seeking to avail himself of this remedy must show that
it was owing to no negligence on his part that the
fact was not made to appear on the former trial,
for if by the exercise of all reasonable care and dili-
gence he could have availed himself of the fact on the
former trial then this remedy should be denied him.
Now in this case, the defendant was the appellant,
it was his duty to see that his record was properly
certified to this court and to file his brief setting forth
the errors of which he complained, but as already
stated he filed no brief, nor did his counsel appear
to make an oral argument for him, and the cause
was submitted to this court upon the brief of the
Attorney-General alone and the record. The point
was specifically made by the Attorney-General that
the bill of exceptions was not filed in the time al-
lowed by the court, and in the opinion of this court
it was held the point was well taken. Under the stand-
ing rule of this court the defendant was given ten
days in which to file his motion for rehearing and
to call the attention of this court to any errors it
might have made in the decision thereof. Within the
ten days the defendant did file his motion for re-
hearing, but he made no mention of the point upon
which he now asks a rehearing practically in this court,
long after the term of the court has elapsed. With
his attention directly called to this point in the opin-
ion of the court, how can it be said that the defendant
exercised all reasonable care and diligence to bring
this question before this court? It seems to us that
the defendant has been guilty of negligence in not
presenting this matter at the time his motion for re-
hearing was filed, or by a reply brief to the State's
brief in the main case when he could have had the
matter of which he now complains, specifically brought
to the attention of the court. To tolerate and en-
courage this kind of practice, would in our opinion,

be to open the door for negligence on the part of the appellant and there would be no end of litigation.

Our attention has been called by the applicant, to the decisions of this court holding that a party has four working days in term time to file a motion for new trial and that in counting such time Sunday will be excluded. We think these cases, however, have no application to the leave granted to the filing of a bill of exceptions in vacation.

After a mature consideration of the application of the petitioner for the writ, we are of the opinion that it should be, and it is accordingly, denied. *Burgess,* and *Fox, JJ.,* concur.