# Johnson *v.* Straus Saddlery Co.

*Assumpsit.*

(Decided Nov. 14, 1911.  56 Suth. 755.)

1. *Judgment; Jurisdiction; City Courts; Error Coram Vobis.*—The Law and Equity court of Mobile, and courts of like powers, have jurisdiction to issue the common-law-writ of error coram vobis to set aside judgments.

2. *Same; Petition Coram Vobis; Evidence.*—A petition for writ of error coram vobis to set aside a default judgment is only a pleading in the case and is not proof of the matters contained in it, although sworn to.

3. *Appeal and Error; Questions Reviewable; Presumptions.*—On an appeal from an order denying a petition for a writ of error coram

[Johnson v. Straus Saddlery Co.]

vobis to set aside a judgment, where the record shows only that the petition was presented and refused, and does not show the presentation of affidavits or other evidence to support the petition, the action of the court in refusing the petition will not be disturbed on appeal for the reason that this court cannot determine whether the denial of the petition was erroneous or correct on the merits.

4. *Same.*—Error must be shown by the record and cannot be presumed on appeal; presumptions are only indulged to sustain the trial court, in the absence of evidence to the contrary.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by Strauss Saddlery Co. against C. V. Johnson and others. There was judgment by default for the plaintiff and the defendant, C. V. Johnson, filed a writ of error coram vobis to set aside the default judgment. From an order denying the writ the petitioner appeals. Affirmed.

HOGAN & STEEL, for appellant. The court had jurisdiction to grant the writ.—*Holford v. Alexander,* 12 Ala. 280; 104 U. S. 410; 12 Peters 488; 44 Am. Rep. 29; 18 L. R. A. 838; 23 Cyc. 885. Where infancy is shown the writ issues in all cases.—*Highbee v. Comstock,* 1 Denio 652; *Swain v. Hertt,* 2 Howard Practice. Sections 4143, 2476 and 3259 are not applicable. When the writ is granted the effect is only to recal the judgment.—*DeWitt v. Post,* 11 Johns 460. The affidavit filed in the law and equity court of Mobile in support of said petition is made a part of the record in this court by the recitals of the judgment in said court refusing said petition.—*Lee v. Davis, et al.,* 16 Ala. 516. The record shows that appellant was a minor at the time of filing said petition. The petition and the affidavit supporting it are a part of the record in this court.—*Lee v. Davis et al.,* 16 Ala. 516; Encyclopedia of Pleading and Practice, Vol. 5, pp. 33-37. The appellee having joined in the assignment of error without objecting to the rec-

ord is bound thereby and will not be permitted to raise the question that the appellant is not an infant.—*Wilms v. White,* 26 Md. 380, 90 Am. Dec. 113; *Mobile Mutual Insurance Co. v. Cleveland,* 76 Ala. 321. This court will not refuse to pass upon the merits of this appeal, when the same question may be brought before it again on a subsequent appeal in the same case.—Andrew's Stephens on Pleading, p. 203. Courts of common law jurisdiction have authority to issue writs of error coram vobis.—*Stewart v. Nuchols,* 15 Ala. 225; *Moore v. Easley,* 18 Ala. 619.

McMILLAN & GRAYSON, for appellee. The court did not err in refusing to grant the petition of the plaintiff in error because there is nothing in the record showing that any evidence was adduced in support of the petition or tending to support said petition.—Section 2846 of the Code of Alabama of 1907; *Mobile v. Murphree,* 96 Ala. 141; *Western Railway of Ala. v. Wallace,* 54 So. (Ala.) 533; *Dickerson & Wayne v. Toulmin,* 2 Stewart & Porter, 52. The act of the Legislature, creating the law and equity court of Mobile, expressly provides "That final judgments and decrees rendered in said court shall, after the expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments or decrees are rendered, had ended at the end of said thirty days, etc."General Acts of Alabama of 1907, page 572, section 23. The judgment rendered was beyond the control of the court as thirty days had transpired after the rendition, of said judgment. The court had no power or warrant in law for granting said writ. The petition which sought to recall or set aside the judgment failed to set out any facts which would warrant said court under section

[Johnson v. Straus Saddlery Co.]

2256 of the Code of 1907 to grant the petition. Nor are we aware of any statute under which said petition can be supported.—*McLendon v. Dardenn & Co.,* 53 Ala. 67.

PELHAM, J.—Judgment by default was rendered in the court below against C. L. Johnson & Son, a partpership, and C. V. Johnson, the appellant, individually, at the suit of appellee, on the 18th day of January, 1910; and more than 30 days thereafter, when, under the act creating the law and equity court of Mobile (Acts 1907, p. 572, § 23), the judgment must be treated as if rendered at a prior term of the court, the appellant, on, to wit, July 30, 1910, filed and presented a sworn statement to the court, alleging that he was a minor at the time the said judgment was rendered against him and that no guardian ad litem had been appointed by the court to appear and defend in his interest on the trial of the case, and praying that a writ of error coram .vobis be granted, and the judgment as to him be set aside or recalled and held for naught. Appellant's petition was refused, and he appeals, assigning as error the order of the court in refusing to grant the petition.

The right of courts in this state, of like jurisdiction to the law and equity court of Mobile, to issue the common-law writ of coram vobis has long been recognized (*Holford v. Alexander,* 12 Ala. 280, 46 Am. Dec. 253; *Stewart v. Nuchols,* 15 Ala. 231, 50 Am. Dec. 127), but whether or not the facts presented by the petition in this case make a proper showing for an issuance of the writ is a nice question.—*Ingersoll v. Wilson,* 3 Johns. (N. Y.) 437. That question, however, is not before us on this appeal, and we are precluded from considering it, as the petition in this case is not shown by the record to have been demurred to, and the bill of exceptions

fails to show any proof offered to sustain its allega-
tions. The petition, although sworn to, is no more than
a pleading in the case, and not proof of the matters set
up in it, as contended by appellant.

The record proper and the bill of exceptions show
only that the petition was presented to the court and
refused, against the objection of petitioner, and an ex-
ception reserved to the action of the court in refusing
the petition. No affidavits or other evidence was offer-
ed in support of the allegations of the petition, and for
anything appearing to the contrary, the petition may
have been refused on the ground that the petitioner fail-
ed to prove the allegations of his petition. There is
nothing to show upon what the judgment of the trial
court was predicated, and no way for this court to de-
termine whether the conclusion arrived at in denying
the petition is correct or erroneous on the merits of the
question intended to be presented. Error cannot be
presumed, but must be shown, and this court cannot as-
sume or infer the existence of facts not shown by the
record to put the trial court in error; presumptions are
only indulged, in the absence of evidence to the contra-
ry, to sustain, and not to reverse, the primary court.
—*So. Ry. Co. v. McGowan,* 149 Ala. 440, 43 South. 378;
*Dickerson & Wayne v. Toulmin,* 2 Stew. & P. 52; *City
of Mobile v. Murphree,* 96 Ala. 141, 11 South. 201.

No error appearing, the judgment of the trial court
in refusing the petition is affirmed.

Affirmed.