508

Rhoda Mitchell, Guardian, Appellant, v. **W. O.** Eareckson, Appellee.

Opinion filed July 16, 1928.  Additional opinion filed September 12, 1928.  Rehearing denied September 12, 1928.

JAMES T. ROBERTS, for appellant.

FARMER & KLINGEL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Joseph Mitchell sued appellee to recover for personal injuries and for the injury of his automobile alleged to have been sustained in a collision that occurred between his automobile and that of appellee, on December 31, 1926. The cause was tried before a jury on November 8, 1927, and there was a verdict of not guilty. No motion for a new trial was filed and judgment was entered on the verdict in favor of appellee on December 30, 1927.

A few days later, and at the next term of the court, appellant herein filed her motion in the nature of a writ of error *coram nobis*. It was averred in the motion that Joseph Mitchell was adjudged insane and incapable of managing his affairs by the probate court of St. Louis county, Missouri, on the 23rd day of December, 1927; that to the April term, 1927, of said court, a certain suit, in which the said Joseph Mitchell was plaintiff and appellee herein was defendant, was begun and a trial was had on the issues joined on November 8, 1927; and that on December 30, 1927, a judgment was rendered in favor of appellee herein; that at the time of the trial of said cause on November 8, 1927, the said Joseph Mitchell was insane and incapable of managing his affairs; that the fact that he was insane at the time of the trial of said cause was not known to the court or the judge thereof who presided at the trial of said cause, and the fact of the insanity of the said Joseph Mitchell was not known to the attorney who appeared and tried said cause for and on behalf of the said Joseph Mitchell. The motion asks that for the reason aforesaid the judgment in the said cause of Joseph Mitchell versus appellee herein, be set aside and held for naught and that said cause be reinstated on the docket of said court for further proceedings, etc.

On the hearing of the motion aforesaid, appellant offered some affidavits which tended to show some mental incapacity on the part of Joseph Mitchell which is alleged to have existed since the date of his injury, December 31, 1926.

While appellant averred in her motion that the fact that the said Joseph Mitchell was insane at the time of the trial was not known to the court or the judge who presided at the trial, yet she offered no evidence in support thereof. That was an essential element and without proper proof thereof she would not be entitled to any relief under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89.

A motion under that section of the statute to set aside a judgment for an error of fact must set up and rely upon such fact or facts as do not appear upon the record and are unknown to the court, and which, if known, would have precluded the rendition of the judgment. *People v. Noonan,* 276 Ill. 430. The motion amounts to a declaration in the new suit to reverse or recall the judgment it is intended to correct, and such suit is independent of the proceeding in which the judgment sought to be set aside was rendered. *Harris v. Chicago House Wrecking Co.,* 314 Ill. 500.

Appellant verified her motion but inasmuch as the motion stands as a declaration in a new suit, the verified motion is not evidence of the averments therein contained. The motion is not evidence, although sworn to, as its office is merely to point out the errors of fact on which relief is sought. 34 C. J. 401; *Hicks v. Haywood,* 4 Heisk. (Tenn.) 598. A sworn petition for a writ of error *coram nobis* is only a pleading in the case, and is not proof of the matters alleged in it. *Johnson v. Straus Saddlery Co.,* 2 Ala. App. 300, 56 So. 755.

The gist of appellant's motion is that Joseph Mitchell was insane prior to the time he brought suit against appellee and that he continued to be insane

down to the time the court rendered judgment in that case and from thence hitherto and that the trial court was not aware of the fact that the said Joseph Mitchell was insane prior to the entry of the judgment. So far as the evidence shows the court may have been informed of the alleged insanity and may have appointed a next friend or guardian *ad litem* to prosecute the suit in the name of Joseph Mitchell. The presumption is that the trial court followed the law and this presumption should prevail until the fact is shown to be otherwise.

Under the state of the record in this case, appellant is asking this court to presume that the trial court did not know that Joseph Mitchell was insane prior to the entry of the judgment in his case against appellee and that the court made no order appointing a next friend or guardian *ad litem* to prosecute the suit for Mr. Mitchell.

Where a minor was sued and a judgment recovered against him, a motion in the nature of a writ of error *coram nobis* was filed. The ground of the motion was that the defendant was under the age of 21 years at the time the judgment was rendered and that the court was not advised thereof, and that the defendant appeared by attorney and not otherwise. Those facts were shown by affidavits incorporated in a bill of exceptions. The court said: "The question whether or not plaintiff in error appeared only by an attorney, is one which underlies the entire merits of the application, and can be determined by us only by inspection of the record itself. That record was before the court below, forming an essential and indispensable part of the grounds of decision. If indispensable there, it must be here, in determining the correctness of that decision. It is no answer to say that plaintiff in error swore that he appeared only by attorney, and no affidavit was filed contradicting that statement; because, if a score of witnesses had sworn to the same state-

ment, and the record showed to the contrary, the latter would prevail. * * * Inasmuch as the fact as to how he appeared in the cause, whether by attorney or guardian, could be properly ascertained only by the record in that cause, and as he has seen fit not to have it brought up, he must fail in his assignment of error." *Mains v. Cosner,* 67 Ill. 536. To the same effect see *Wettrick v. Martin,* 181 Ill. App. 94.

Appellant has wholly failed to show that the trial court in the case of Joseph Mitchell versus appellee herein did not appoint a next friend or guardian *ad litem* to prosecute the suit in behalf of Mr. Mitchell. Under the cases last above cited that proof can be made only by the production of the record in that case. The record was not produced on the hearing of the motion, was not offered in evidence, and is not contained in the transcript of the record filed in this cause. The only showing as to what occurred in the original cause is a recital that on November 8, 1927, there was a trial by jury and a verdict of not guilty and that on December 30, 1927, the plaintiff in that cause was given leave to withdraw a motion in the nature of a writ of error *coram nobis* and that thereupon the court entered judgment on the verdict.

The recital to the effect that the court gave the plaintiff leave to withdraw his motion in the nature of a writ of error *coram nobis* on December 30, 1927, which was one week after a guardian had been appointed for him, indicates that before the court rendered judgment a motion similar to the one now under consideration had been filed in the original cause.

If the alleged insanity of Joseph Mitchell was brought to the knowledge of the court before entry of judgment, then a motion in the nature of a writ of error *coram nobis* will not lie. In such case there is nothing upon which to predicate such a motion. *Graves v. Graves,* 255 Mo. 468, 164 S. W. 496. If the facts were known to the court it would be an error of law in

the court, and should for that reason be taken to a higher tribunal for reversal, instead of making application to the court itself. *Asbell v. State,* 62 Kan. 209, 61 Pac. 690; *State v. Stanley,* 225 Mo. 525, 125 S. W. 475. At any rate it appears from the record that Rhoda Mitchell is the wife of the said Joseph Mitchell and was present in court at the time the case was on trial, and that after the verdict of the jury on December 23, 1927, she filed a petition upon which she was appointed guardian of the said Joseph Mitchell. Her letters of guardianship are dated December 23, 1927. She was guardian for seven days before the court rendered judgment upon the verdict in the original cause. It is the universal rule that if a fact be known prior to the entry of judgment, or by reasonable diligence it might have been known prior to the entry of judgment, such fact cannot be relied upon under the common-law writ of error *coram nobis* to set aside such judgment. *Jeude v. Sims,* 258 Mo. 26, 166 S. W. 1048; *Reed v. Bright,* 232 Mo. 399, 134 S. W. 653. The same rule is stated in 5 Encyc. Pl. & Pr. p. 29.

For the reasons aforesaid the trial court did not err in overruling appellant's motion, and the judgment is affirmed.

*Affirmed.*

### ADDITIONAL OPINION ON DENIAL OF PETITION FOR REHEARING.

Appellant insists that the averments of her motion should be taken as true because they were not denied but were admitted by appellee to be true by moving the court to strike her motion from the files. She did not so regard the matter in the trial court, but voluntarily offered some evidence in support of her motion the same as if the allegations thereof had been formally denied. After she rested, appellee offered in

evidence a motion to strike appellant's motion from the files and without any ruling thereon appellee undertook to disprove the alleged facts sought to be proved by appellant. Both parties proceeded on the theory that the truth of the averments of appellant's motion was in issue. That being true appellant cannot be heard to say, on this appeal, that the facts were not in issue. *Devine v. Chicago City R. Co.,* 237 Ill. 278.

Appellant says that the verdict of the jury was the rendition of a judgment within the meaning of section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, without further action on the part of the court. That suggestion is made to create a theory that the cause had gone to final judgment more than one month before appellant was appointed guardian. The contention is unsound. It is the province of the court, and not the jury, to render a final judgment in a cause. Appellant's motion was filed under section 89 of the Practice Act which provides that such a motion may be made at any time within five years after the rendition of final judgment. Until the court renders judgment upon a verdict there is no final judgment within the meaning of that statute. It was held, as early as 1839, that the verdict of a jury is not a final judgment. *Harrison v. Singleton,* 2 Scam. (3 Ill.) 21.

*The petition for rehearing is denied.*