Dorothea M. Ruehr, Judgment Debtor and Appellee, for use of Raymond Hurley and Fred F. Gardner, Appellants, v. Continental Illinois National Bank and Trust Company of Chicago and Dorothy M. Ruehr, Appellees.

Gen. No. 39,954.

Opinion filed June 29, 1938.

Leonard & Leonard and Seyfarth & Atwood, both of Chicago, for appellants; Ernest Enoch Freeman and Gordon McLeish Leonard, both of Chicago, of counsel.

Edmund J. Cross, of Chicago, for appellee Dorothy M. Ruehr; Philip R. Fraser, of Chicago, of counsel.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by the plaintiffs from the order of August 20, 1937, entered by the court, discharging the

Continental Illinois National Bank and Trust Company of Chicago as garnishee and finding that the funds on deposit with said garnishee in the name of Dorothy M. Ruehr, trustee for Henry Ruehr, are the funds of Henry Ruehr and not the funds of Dorothy Ruehr individually. Appeal is also taken from an order entered thereafter on September 21, 1937, by the court denying the motion of plaintiffs to vacate said order of August 20, 1937, which motion had been entered and continued to August 24, 1937.

The garnishment proceeding before the court was based upon an affidavit for the issuance of a garnishment summons. It appears from this affidavit that Don H. McLucas in his verified affidavit states that at the July term of the superior court of Cook county, A. D. 1934, a judgment was entered in favor of Raymond Hurley, as receiver for Fred F. Gardner, *et al.,* creditors of the Kimball Trust & Savings Bank, and against Dorothea M. Ruehr for a $1,500 debt, and costs of suit; that an execution was issued on said judgment against the defendant and returned by the sheriff of Cook county "No property found"; and it further appears from this affidavit that the defendant has no property in her possession, within the knowledge of affiant. It is further stated in the affidavit that affiant has just reason to believe the Continental Illinois National Bank and Trust Company of Chicago is indebted to the defendant, or has effects or estate of said defendant in its hands.

Summons was issued and an answer filed by the Continental Illinois National Bank and Trust Company of Chicago as garnishee, wherein it is stated, in part:

"Also, it was and now is indebted to one Dorothy M. Ruehr in the sum of $610.17 for the balance of a certain savings account carried by her with this gar-

nishee in her said name as 'Trustee for Henry Ruehr,' who appears from the records of this garnishee, to be an infant; but that this garnishee is not advised that its said depositor is Dorothea M. Ruehr, one of the defendants herein, and, therefore, demands strict proof thereof; and that in any event, it appearing that the said Henry Ruehr has some right or interest in or to said account or deposit, he should be notified to appear and maintain the same as an adverse claimant in such manner as this Honorable Court may direct, pursuant to statute, and a guardian *ad litem* should be appointed for him in this behalf.''

Thereafter the intervening petition of Dorothy M. Ruehr was filed on August 20, 1937. From the petition it appears that Dorothy M. Ruehr, as trustee for Henry Ruehr, leave having been obtained, filed her intervening petition in which she states she is one of the defendants in the above entitled proceeding and that a judgment was procured therein on a stockholder's liability by reason of stock held by her in the Kimball Trust & Savings Bank. It further appears from the affidavit that by reason of a garnishment summons in Case No. 550,558, heretofore issued therein, and which was returnable the first Monday of August, 1937, certain money now on deposit in the Continental Illinois National Bank and Trust Company of Chi-. cago, namely $610.17 in Account No. 69,909 has been embargoed by said bank so that withdrawals may not be made therefrom. Petitioner further avers that on November 2, 1936, she did deposit $525 in said bank for and in behalf of her said minor son, Henry Ruehr; that on June 4, 1937, she deposited an additional sum of $100 in said bank for and in behalf of her minor son; that at the time the money was deposited she specifically informed said bank that the money belonged to her said minor son and pursuant thereto the said

bank did open said account in her name as trustee for said Henry Ruehr. Petitioner further states that none of the money belonged to her individually, and that it was a trust fund which commenced before the death of her husband, Beno C. Ruehr; that said money was for the support and education of said minor son, who is 17 years of age, and therefore petitioner prays that the court enter a decree that the money is the property of Henry Ruehr, a minor, and that petitioner merely holds same as trustee; and further prays that an order issue out of the court directing the release thereof from any proceeding to collect stockholder's liability judgment now entered herein against the petitioner individually. This petition is verified by the petitioner.

On August 24, 1937, the plaintiff filed a motion to vacate, wherein it appears that heretofore on August 20, 1937, the court entered an order giving Dorothea M. Ruehr leave to file her petition to intervene, and dismissing the Continental Illinois National Bank and Trust Company of Chicago, garnishee, as to said Dorothea M. Ruehr; that on August 19, 1937, Dorothea M. Ruehr caused to served upon the attorneys for the plaintiff herein a notice stating that she would appear by her attorney on August 20, 1937, and ask leave to intervene and that she be permitted to file her intervening petition instanter; that on August 20, 1937, the plaintiffs by their attorneys objected to the filing of said petition and the court having overruled their objection, they requested leave to answer said petition and asked for a hearing on said petition at any date convenient to the court; and that that court denied the requests of plaintiffs' attorneys and without the benefit of the sworn testimony of any witness entered the aforesaid order dismissing the Continental Illinois National Bank and Trust Company of Chicago, gar-

nishee, as to Dorothea M. Ruehr. This motion of August 24, 1937, was continued until September 21, 1937, and on September 21, 1937, the court denied plaintiffs' motion to vacate the order of August 20, 1937, in words and figures as follows:

"This cause coming on to be heard upon the petition and motion of Fred F. Gardner, *et al.,* to vacate an order entered herein on August 20, 1937, discharging Continental Illinois National Bank and Trust Company of Chicago, a corporation, as garnishee herein as to the defendant Dorothea M. Ruehr and the court having heard the arguments of counsel and being fully advised in the premises,

"It is Hereby Ordered, That the said petition and motion of Fred F. Gardner, *et al.,* to vacate said order of August 20, 1937, be and the same is hereby overruled and denied."

The plaintiffs contend that the action of the trial court in making a finding of fact and discharging the garnishee without hearing evidence was erroneous, and cite in support of this contention the case of *Topel v. Personal Loan & Sav. Bank,* 290 Ill. App. 558, wherein the court said:

"When section 72 of the Civil Practice Act is invoked the burden is on the one seeking to set aside the judgment to prove by the preponderance of the evidence the facts alleged in his petition or motion. (*People v. Green,* 355 Ill. 468; *People v. Crooks,* 326 Ill. 266.) An inspection of the order of Judge Rush heretofore set forth vacating the order of dismissal shows that no evidence whatever was introduced in support of plaintiff's petition of September 17, 1936, and it cannot be seriously urged that such petition itself was evidence of the allegations contained therein. In *Mitchell v. Eareckson,* 250 Ill. App. 508, the court stated at p. 511:

" 'Appellant verified her motion but inasmuch as the motion stands as a declaration in a new suit, the verified motion is not evidence of the averments therein contained. The motion is not evidence, although sworn to, as its office is merely to point out the errors of fact on which relief is sought. 34 C. J. 401; *Hicks v. Haywood,* 4 Heisk. (Tenn.) 598. A sworn petition for a writ of error *coram nobis* is only a pleading in the case, and is not proof of the matters alleged in it. *Johnson v. Straus Saddlery Co.,* 2 Ala. App. 300, 56 So. 755.' "

It does appear from the briefs filed in this case that on August 20, 1937, the intervening petitioner, Dorothy M. Ruehr, was personally present in court. It is also true there was some conversation between the judge and Dorothy M. Ruehr. She, however, was not sworn, nor did the plaintiffs have an opportunity to cross-examine or rebut the unsworn declaration made in court.

The answer of the defendants to this contention of the plaintiffs is that no certificate of evidence being incorporated in the record and the record filed in this court failing to show any part of the proceedings below, except pleadings, it is to be assumed that the trial court heard sufficient evidence upon which to base its action, and every presumption will be in favor of the regularity of the proceedings of the court below.

The court of necessity will consider the evidence and determine whether from the order entered sufficient evidence was heard by the court. The order is as follows:

"On motion of Solicitor for intervening Dorothy M. Ruehr, trustee for Henry Ruehr, a minor, leave is hereby given her to file her petition instanter; the Court further finds that the funds now on deposit with Continental Illinois National Bank and Trust Com-

pany of Chicago in account 69909 in the name of Dorothy M. Ruehr, trustee for Henry Ruehr, are the funds of Henry Ruehr and not the funds of Dorothy Ruehr individually, and hereby discharges Continental Illinois National Bank and Trust Company of Chicago as to the said Dorothy M. Ruehr, only.''

It is evident from the order that the court reached the conclusion that the funds on deposit with the bank in the name of the intervening petitioner were deposited in the name of Dorothy M. Ruehr, trustee for Henry Ruehr, and are the funds of Henry Ruehr and not the funds of Dorothy Ruehr individually. In order to reach this conclusion the evidence before the court must justify the order, and we are unable to find that any such evidence was heard.

Plaintiffs call our attention to the case of *Prudence Co., Inc. v. Illinois Women's Athletic Club*, 284 Ill. App. 210, in which this court said:

''Complainants contend that the court erred in overruling, without a hearing, their objections to the receiver's two reports and accounts above mentioned; that the objections called for strict proof as to the receipts and disbursements, and that the court was wholly unwarranted in overruling the objections and approving the reports and accounts without a hearing on the merits. We think it obvious that this contention must be sustained.

''Complainants' contention seems to be conceded by counsel for the receiver, but they say that complainants are precluded from questioning the orders since they failed to preserve any record of what transpired at the times when the two orders were issued, and that since the 'orders did not show affirmatively that the court heard no evidence, but rather did not expressly state that evidence was heard,' therefore the orders are sufficient under subsection 3 of section

64, ch. 110, Ill. State Bar Stats. 1935, which provides: 'No special findings of fact or certificate of evidence shall be necessary in any case in equity to support the decree.' And they also cite the case of *First Nat. Bank v. 10 W. Elm St. Bldg. Corp.*, 277 Ill. App. 337, to the effect that the burden of preserving the evidence is upon the person attacking an order or decree. We hold the contention of the defendants cannot be sustained because the record before us shows that no evidence was heard. The order of January 26, 1935, recites the motion of the receiver for the approval of his second report and that 'the court having read and examined the accounts and reports of the receiver, as aforesaid, and the objections thereto, by the Complainant, . . . and having heard arguments of counsel' finds, etc. And the order of April 24, 1935, is substantially the same. The statute relied upon by counsel for the receiver above quoted, and the rule announced in 277 Ill. App., apply only where the record shows evidence was heard but not preserved. No evidence having been heard, the court was wholly unwarranted in disposing of the objections to the reports without a hearing.''

In the disposition of this case we think the plaintiffs should have had an opportunity to file an answer and be heard in the garnishment proceeding, and, as previously stated, we believe the court erred in finding that the funds in dispute and in the hands of the garnishee were the funds of Henry Ruehr, a minor, and not the funds of Dorothy Ruehr individually, and in discharging the Continental Illinois National Bank and Trust Company of Chicago as to Dorothy M. Ruehr, only, as the order is not sustained by any evidence heard by the court.

For the reasons stated the order is reversed and the cause remanded.

*Reversed and remanded.*

DENIS E. SULLIVAN and HALL, JJ., concur.