**E. H. LeMenager, Appellee, v. Northwestern Barb Wire Company, Appellant.**

**Gen. No. 9,287.**

Opinion filed August 30, 1938.

SHELDON & BROWN, of Sterling, for appellant.

JOHN W. BLODGETT, of Morrison, and BUSSIAN & DEBOLT, of Chicago, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This was a suit brought by appellee to recover for commissions alleged to be due him for services rendered appellant in the procurement of a loan of $1,250,000. The case was tried by jury and verdict returned in favor of appellee. Appellant filed its motion for judgment *non obstante veredicto*. This motion was denied and appellant brings this appeal based solely upon the action of the trial court in denying its motion for judgment notwithstanding the verdict.

The abstract fails to disclose the rendition or entry of any judgment on the verdict. This court has examined the record in order to determine if any judgment on the verdict was entered by the trial court, and none is found. It appears that appellant filed its motion for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence, which motions were denied; that the jury was instructed and the case submitted for its determination; that the jury returned a verdict for appellee, whereupon appellant filed its motion for judgment *non obstante veredicto,* which motion the court denied. The order of denial appears on p. 96 of the record, as follows:

"On this day come the parties hereto by their respective attorneys as heretofore, and this cause now comes on for hearing upon defendant's motion for judgment non obstante veredicto, heretofore filed on November 7, A. D. 1936, and the court having heard said motion, and the arguments and suggestions of

counsel in relation thereto, and being now fully advised in the premises, denies said motion for judgment non obstante veredicto.

"Whereupon the defendant herein by its counsel, prays an appeal from the order of this court to the Appellate Court, second district of this state, which is by the court allowed upon the filing of a bond in the sum of Six Thousand Dollars ($6000.00), with good and sufficient sureties thereon to be approved by this court."

Following the above order of the trial court denying appellant's motion for judgment notwithstanding the verdict, it filed its notice of appeal, and pursuant thereto has brought the record to this court for review.

An appeal from the verdict of a jury will not lie. *Harrison v. Singleton,* 2 Scam. 21; *Evanston v. Dowhen,* 55 Ill. App. 217; *Breese Coal & Mining Co. v. Olney Elec. L. & P. Co.,* 109 Ill. App. 539, 540; *Mitchell v. Eareckson,* 250 Ill. App. 508, 515. There must be a judgment entered on the verdict before there can be a review thereof. The verdict of a jury before it has received the sanction of the court, by passing into a judgment, is not subject to review on appeal in actions such as the present one. At common law it was a well settled rule that in all cases, a judgment must precede an execution, and while this rule is now subject to many statutory innovations, yet in actions such as the instant case, no execution for the debt could issue without a final judgment against the defendant. Hence a judgment in this case could not be regarded as final for purposes of appeal until it had been entered in such a manner that execution might issue thereon.

An order granting or denying a motion for judgment notwithstanding the verdict, is not appealable, because such an order is not a judgment, but merely a ruling that the moving party is or is not entitled to a judgment. Until the judgment is entered there has been no legal determination of the cause, and nothing

to appeal from exists. Judgments must be first entered as ordered and the appeal taken from the judgment. The order denying appellant's motion for judgment notwithstanding the verdict, merely reaffirmed the court's ruling in denying appellant's motions for a directed verdict. An order for a judgment upon which no judgment is ever entered, is not a final judgment within the meaning of the statute so as to render it appealable. Appeals lie from final judgments, orders or decrees. Ch. 110, sec. 201, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.077.]

In a suit at law such as the instant one, a judgment can speak but by the record. In this case the record fails to show that any judgment was ever entered on the verdict. ''The verdict of the jury is the basis upon which the judgment of the court is entered and is not the judgment of the court.'' *People v. Montgomery,* 365 Ill. 478, 481. Where the record fails to show that final judgment has been rendered by the trial court upon the verdict, there is nothing for this court to review, and the appeal will be dismissed.

*Appeal dismissed.*