**E. H. LeMenager, Appellee, v. Northwestern Steel and Wire Company, Appellant.**

**Gen. No. 9,434.**

Opinion filed August 7, 1939. Rehearing denied October 3, 1939.

SHELDON & BROWN, of Sterling, for appellant.

JOHN W. BLODGETT, of Morrison, and BUSSIAN & DE BOLT, of Chicago, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This case was previously before this court and is reported in 296 Ill. App. 568, as *LeMenager v. Northwestern Barb Wire Co.,* the company having changed its corporate name since the first appeal. The facts with reference to the nature of the action are there set out. Appellant's appeal in that case was dismissed because no judgment had been entered by the trial court from which an appeal might be prosecuted. The case had been tried by jury, which had returned a verdict in favor of the plaintiff, LeMenager. Appellant, following the return of the verdict, had filed its motion for judgment *non obstante veredicto,* which motion the court denied, and appellant prosecuted the above appeal from the ruling of the court denying its motion for judgment notwithstanding the verdict.

By the supplemental record now before us, it appears that the mandate of this court dismissing the former appeal, was filed in the lower court on November 29, 1938. Upon filing of the mandate as above, the appellant on the following day, November 30, 1938, after service of notice on opposite party for hearing and entry of judgment on the verdict, did secure on said date the entry of a judgment upon the verdict as returned by the jury. Upon entry of this judgment, appellant prosecutes this second appeal. The case now comes to this court upon a judgment rendered upon the verdict of the jury and appellant's motion for judgment notwithstanding the verdict, which the court denied.

A trial court in passing upon a motion for judgment notwithstanding the verdict is governed by the same rules as in passing upon a motion for a directed verdict, and has no power to weigh and determine contradicted questions of fact and the credibility of witnesses. *Illinois Tuberculosis Ass'n v. Springfield Marine Bank,* 282 Ill. App. 14, 22–26; *McNeill v. Harrison & Sons, Inc.,* 286 Ill. App. 120, 128. "A motion to direct a verdict for the defendant preserves for review only a question of law whether from the evidence in favor of the plaintiff, standing alone and when considered to be true, together with the inferences which may legitimately be drawn therefrom, the jury might reasonably have found for the plaintiff." *Ziraldo v. Lynch Co.,* 365 Ill. 197, 199. Where there is any evidence in the record, which with reasonable inferences and intendments, fairly tends to prove the plaintiff's case, when standing alone, motion for a directed verdict should be denied. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Capelle v. Chicago & N. W. Ry. Co.,* 280 Ill. App. 471, 479. The record in this case consists of over 900 pages and to attempt a review of the controverted questions of fact, would extend this opinion beyond reasonable lengths. However, it was fully re-

viewed upon the former appeal and has again been reviewed upon this appeal, together with the supplemental proceedings. Under the rule as above indicated, upon a motion for judgment *non obstante veredicto,* the evidence of plaintiff, with all reasonable inferences arising therefrom, is to be taken most strongly in his favor. Under the above circumstances, neither the trial court nor this court can weigh the evidence of the respective parties in order to determine where, in its opinion, the preponderance lies.

Appellee's evidence is to the effect that pursuant to contract with appellant to negotiate a loan, he rendered services which were the procuring cause for the money upon which he bases his claim for commission. Appellant admits the contract, but claims same was terminated prior to the securing of the loan; that it secured the loan, and not appellee. These were matters of dispute between the parties and the evidence thereon cannot be weighed in considering a motion for judgment notwithstanding the verdict.

Appellant filed no motion for a new trial. Therefore, the question of the sufficiency of the evidence to support the verdict is not open to review. *Huber v. Van Schaack-Mutual, Inc.,* 368 Ill. 142, 144; *Quillman v. Cockram,* 253 Ill. App. 413. In the absence of a motion for a new trial, the court has no power to weigh the evidence. And upon a motion for judgment notwithstanding the verdict, plaintiff's evidence must be considered with respect to the rule that unless same, when given all the legitimate inferences to be drawn therefrom, is wholly insufficient to sustain the verdict, such motion should not be granted.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*