CITIZENS' STATE BANK, Respondent, v. CORYDON L. BERRY, Guardian, Etc., Appellant.

Kansas City Court of Appeals, April 3, 1899.

Insane Persons: SERVICE OF PROCESS ON GUARDIAN: STATUTES: JURISDICTION. Section 2017, Revised Statutes 1889, does not affect section 5544, but expressly excepts the latter from the operation of the former and process must be personally served on the guardian of an insane person or the court acquires no jurisdiction of his person.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

O. P. HUBBELL and HARBER & KNIGHT for appellant.

(1) "Process shall be served on his guardian," after appointment of a guardian for a person *non compos mentis.* R. S. 1889, sec. 5544. (2) "Unless the statute authorize a substituted or constructive service, the law will intend that personal service is required. Doyle v. Railroad, 113 Mo. 285; Wilson v. Railroad, 108 Mo. 596; St. Louis v. Goebel, 32 Mo. 295; 9 Ency. of Pldg. and Prac. 937; 22 Am. and Eng. Ency. of Law [1 Ed.], 157; Heard v. Sack, 81 Mo. 610; 11 Ency. of Pldg. and Prac. 1225; Am. Law of Guardianship (Woerner), p. 466. (3) When process is required to be personally served, a service by leaving a copy at the defendant's residence is no service at all. Hobby v. Bunch, 20 Am. St. Rep. 301, s. c. 83 Ga. 1. (4) The recital in the judgment that the defendant was duly served is overcome by the recitals of the return itself. Laney v. Garbee, 105 Mo. 360.

HALL & HALL for respondent.

(1) In all actions commenced against an insane person the process shall be served on the guardian. R. S. 1889, sec. 5544. (2) The service of the summons on the guardian, Corydon L. Berry, was properly made by leaving a copy of the petition and writ at the usual place of abode of said guardian, Corydon L. Berry, with some person of his family over the age of fifteen years, and the return, as shown by appellant's abstract of record, was made in strict compliance with the requirements of the statutes. R. S. 1889, sec. 2017; Phillips v. Evans, 64 Mo. 17. (3) If there was any defect in the service of the summons it was cured by the statutes of jeofails. R. S. 1889, sec. 2113.

ELLISON, J.—Nathaniel Shanklin was adjudged insane by the probate court of Grundy county. Defendant Corydon L. Berry was duly appointed his guardian. Thereafter plaintiff instituted this action against such guardian and Shanklin. A summons was duly issued and was served in Grundy county by the sheriff "by delivering a copy of the within petition, with copy of summons thereto attached, to a member of the family of Corydon L. Berry, guardian, over fifteen years of age, at his usual place of abode, and by delivering of the summons to a member of the family of Nathaniel Shanklin over the age of fifteen years at his usual place of abode."

Judgment by default was rendered for plaintiff on this service, and the sole question presented on defendant's appeal is whether service may be had on a guardian by leaving a copy of petition and summons with a member of his family at his usual place of abode? Or, must the service be personal? We are of the opinion it should be personal service and that as the service had here was by leaving copy of petition and summons with a member of defendant's family at his usual place of abode, there was no jurisdiction of the person and the judgment should be reversed. The question is determined by

construction of the statute. The statute concerning insane persons, section 5544, Revised Statutes, 1889, provides: "In all actions commenced against such insane person, the process shall be served on his guardian." The statute concerning civil procedure, section 2017, provides that, a summons may be executed, "except as otherwise provided by law," by leaving a copy of the petition and writ at the usual place of abode of the defendant with some member of his family, as was done in this case. The latter section does not affect the former. On the contrary, it excepts the former section from its operation. The former section, as it stands, is a provision of law for personal service, since when no mode of service is pointed out, personal service is intended. St. Louis v. Goebel, 32 Mo. 295; Doyle v. Railway, 113 Mo. 285. The statute having provided for service of process on a guardian and making no provision for substituted, or constructive service, it must under the rule aforesaid, be held to have intended personal service. Illustrations may be had from other portions of the statute. Thus, where substituted service may be had, it has been clearly stated, as in sections 52, 197, 219 and 276, of the statute relating to administrators. On the contrary where substituted service was not intended the evidence of such intention has been shown by simply omitting any reference thereto, as in section 2527 in relation to service on the "president or other chief officer" of a private corporation; and in section 2026, in relation to service on associations by delivering a copy of the summons "to any member of such association;" and in section 5912, in relation to service, in suits against insurance companies, on the superintendent of the insurance department. It would scarcely be pretended that section 2017 of the civil procedure act modified the sections just referred to so as to permit substituted service by leaving a copy of the petition and summons with members of the family of the persons mentioned in said sections.

The result is that we reverse the judgment. All concur.