# THE STATE ex rel. OTTO BUDER, Administrator C. T. A. of Estate of EDWARD A. BUDER, v. GEORGE BRAND, Clerk of Probate Court of City of St. Louis.

### In Banc, October 8, 1924.

1. **PLEADING: Cause of Action: Interest of Petitioner.** Relator has no right to maintain mandamus if he has no interest in the relief sought; nor does respondent waive his right to raise the question by failing to challenge in his return relator's interest in the proceeding. Unless relator has some interest to be subserved by the suit he has no cause of action; and it is always incumbent on a plaintiff to allege and prove that he is concerned in the cause of action averred, and is the party who has suffered injury by the acts of defendant.

2. **ADMINISTRATION: Designation of Paper in Which to Publish Letters: Right of Administrator to Mandamus.** It is the duty of the administrator to sign a notice, prepared and attested by the probate judge or clerk, of the issuance of letters of administration to him, but all duties with respect to the publication of the notice are expressly imposed by statute (Sec. 74, R. S. 1919) upon the judge or clerk; and therefore the administrator cannot maintain mandamus to compel the clerk to designate the newspaper in which such notice may be published, because it is no concern to him whether there is a valid publication of notice of letters or any publication at all.

3. ———: ———: **Trustee.** An administrator is not a general trustee; he is trustee only for creditors and distributees and legatees of estate property and assets which come into his custody or under his control. But the notice prescribed by statute of the issuance of letters to him is a warning notice, designed to start the running of the special statute of limitations, and to speed up administration, in which he has no interest or duty as administrator.

4. ———: ———: ———: **To Clear Title of Real Estate.** Where the petition for mandamus alleges that the administration "is being had on the estate of deceased in order to clear the title of the land of which he died seized of any claims or debts of creditors," but does not allege that he as administrator has taken possession of the real estate under an order of court for the purpose of subjecting it to the payment of estate debts, he does not state any such interest in the lands as entitles him to a writ commanding the clerk to designate a newspaper in which notice of the issuance of

305 Mo.—21.

State ex rel. Buder v. Brand.

letters to him may be published. The heirs and devisees are alone interested in foreclosing the claims of creditors against the lands, and he as administrator does not, under such circumstances, represent them for any purpose, and has no right to demand in their behalf that notice of letters of administration be published.

5. ——: ——: Constitutionality of Statute: Discretionary Writ and Right. The propriety of declaring a statute unconstitutional in order to award a discretionary writ, such as mandamus, is gravely questioned, and will not be done where the right to the remedy itself, aside from that consideration, is involved in doubt. Section 10406, Revised Statutes 1919, required the clerk of the probate court, under certain conditions, present in this case, to designate the newspaper in which notice of letters of administration were to be published; that section was repealed in 1923, but relator alleges said repealing act was unconstitutional, and bases his right to a writ of mandamus commanding the clerk to designate a paper on the ground that, said Act of 1923 being unconstitutional, Section 10406 is still in force. But even if such contention were true, relator has no right as administrator to compel a publication of the notice, since its publication is purely statutory, and the statute imposes upon the judge or clerk the duty of publishing it. Held, that the writ must be denied, on the ground that the purpose is to use a discretionary writ to declare unconstitutional a statute in order that relator may be awarded a right to which he is not entitled.

Headnote 1: Mandamus, 26 Cyc. 401, 420 (1926 Anno); Pleading, 31 Cyc. 102. Headnotes 2 and 3: Executors and Administrators, 23 C. J. sec. 236, 387. Headnotes 2, 4 and 5; Mandamus: 2, 26 Cyc. 401; 4, 26 Cyc. 433; 5, 26 Cyc. 153, 156.

## Mandamus.

PRELIMINARY RULE DISCHARGED.

*Buder & Buder* and *A. W. Wenger* for relator.

(1) A mere general denial is not a sufficient traverse of the recitals in a writ of mandamus. A denial must be direct, single and specific. State ex rel. ?ank v. Allison, 155 Mo. 328; State ex rel. v. Broaddus, 234 Mo. 332; State ex rel. v. Trammel, 106 Mo. 510; Moses on Mandamus, sec. 210. (2) All issues, whether of law or of fact, must be raised and determined upon the return to the alter-

native writ.  State ex rel. v. Ry. Co., 114 Mo. 289; State ex rel. v. Beyers, 41 Mo. App. 507; State ex rel. v. Brown, 57 Mo. App. 202.

*Frank X. Hiemenz* and *Edward W. Foristel* for respondent.

(1)  Relator is not entitled to the writ; he shows no special interest in himself; no right of his has been invaded.  State ex rel. Crandall v. McIntosh, 205 Mo. 589; Ordelheide v. Modern Brotherhool, 226 Mo. 203; State ex rel. Ins. Co. v. Blake, 241 Mo. 100; Danciger v. Express Co., 247 Mo. 209; In re Tartar, 278 Mo. 356; 12 C. J. 760. (2)  Relator is in no position to challenge the validity of the act on the ground that it arbitrarily interferes with his right to contract, because relator is without power or authority to contract for the publication of his notice to creditors;  that duty devolves upon respondent as clerk. Sec. 74, R. S. 1919; Laws 1923, p. 110.

RAGLAND, J.—Original proceeding in mandamus. Relator is the duly appointed, qualified and acting administrator with the will annexed of the estate of Edward A. Buder, deceased.  His letters of administration were granted by the Probate Court of the City of St. Louis. The respondent is the clerk of that court.  On the presentation of relator's petition for mandamus an alternative writ issued directing respondent to designate, in accordance with the provisions of Sections 10405, 10406 and 10407, Revised Statutes 1919, a newspaper published and circulated in the city of St. Louis wherein relator could publish a notice of the grant of such letters of administration, or show cause why he should not do so.

Section 10405 just referred to provided that the judges of the circuit court of cities of more than one hundred thousand inhabitants, sitting as a board, should biennially, and pursuant to notice duly given, receive sealed proposals from daily newspapers pub-

lished in such cities for the publication of all advertisements, judicial notices and orders of publication required by law to be made, and should award the printing of all such publications to the newspaper naming the lowest and best bid. Section 10406 provided that in case an award should not be made until after the then existing contract for such printing had expired the parties interested might, or in case of proceedings pending in court the clerk thereof should, designate the newspaper in which the publications required in the meantime to be made should be printed. Section 10407 provided that the publication of said advertisements, orders and notices, if made in the newspaper so designated by said board or clerk should be valid and sufficient. In 1923 the Legislature passed a bill which purported to repeal Sections 10405, 10406, 10407, Revised Statutes 1919, and enact new sections in lieu thereof to be designated by the same numbers. [Laws 1923, pp. 324, 325.] These new sections provide in substance that in all cities which have a population of one hundred thousand or more inhabitants all advertisements, judicial notices and orders of publication required by law to be made shall be published in some daily newspaper which has a general circulation and which has been published for at least one year; that the judges of the circuit court of such cities sitting as a board, shall biennially, pursuant to notice, hold a hearing, and at such hearing determine and desigate of record what newspapers are qualified as above described, for the publication of legal notices; that the newspapers who petition the board for designation as qualified newspapers, and are so designated by it, shall not charge or be allowed for the publication of such notices exceeding a named maximum rate; and that no public notice directed by any court or required by law to be published in a newspaper shall be valid unless published in a daily newspaper qualified therefor under the provisions of the act; provided, that in cases where the judge of the court having jurisdiction

over the subject-matter shall deem it for the best interest of the parties in interest, he may authorize the publication of notices in some other newspaper and at a higher rate.

The alternative writ, following the petition, alleged that relator was appointed administrator with the will annexed of the estate of Edward A. Buder, deceased, as heretofore stated; that Edward A. Buder died testate in the State of Illinois, leaving creditors in the State of Missouri; that said deceased was survived by a widow and children; that at the time of his death he was seized and possessed in fee simple of certain described real estate situated in the city of St. Louis; that said real estate was subject to the payment of the debts of said deceased and the widow's dower; "that said administration is being had on the estate of said deceased in order to clear the title of and from any such charges;" that there was not then in force in the city of St. Louis any contract for the publication of judicial notices, under the provisions of Section 10405, Revised Statutes 1919, the one theretofore last made having expired December 31, 1923; that relator had requested respondent to designate, in accordance with the provisions of Section 10406, Revised Statutes 1919, a newspaper in which relator can make publication of notice of letters to creditors; and that respondent had refused, and still refuses, to do so.

It was further alleged that Sections 10405, 10406 and 10407, Revised Statutes 1919, were still in force because the repealing act of 1923 was void on constitutional grounds. The alleged constitutional defects were specifically pleaded, but in view of the disposition that must be made of the case we deem it unnecessary to set them out.

In his return respondent admitted that he was the Clerk of the Probate Court of the City of St. Louis; that relator was the administrator with the will annexed of estate of Edward A. Buder, deceased, and was ap-

pointed as such by the court of which respondent was clerk; and that said deceased died seized of the real estate described in the alternative writ. Respondent further stated that he refused to specifically designate a newspaper at the request of the relator in which to make publication of the latter's notice to creditors, pursuant to Section 10406, Revised Statutes 1919, for the reason that said section was expressly repealed by the said Act of 1923 which was a valid exercise of legislative power. For a further return respondent denied each and every other allegation contained in the alternative writ.

Respondent challenges relator's right to mandamus on the ground that the latter has no interest in the relief sought. Relator in turn insists that as such challenge was not made in the return the question raised by it was waived. Whether relator has any interest to be subserved by the performance of the alleged duty he seeks to compel at the hands of the respondent goes, however, to the former's cause of action and not merely to his capacity to sue. [Gruender v. Frank, 267 Mo. 713.] It is always incumbent upon a plaintiff to allege and prove sufficient facts to show that he is concerned with the cause of action averred, and is the party who has suffered injury by reason of the acts of defendant. It is not enough that he alleges a cause of action existing in favor of someone, he must show that it exists in favor of himself, and that it accrued to him in the capacity in which he sues. [31 Cyc. 102.]

Relator sues in his representative capacity. He seeks to compel the doing of an act which he alleges is essential to a valid publication of notice of the grant of letters of administration to him. As administrator of what concern is it to him whether there be a valid publication of notice of letters, or any publication at all? The provisions for the giving of such notices are purely statutory. And *his* only duty in connection therewith is to *sign* a notice prepared and attested by the judge or clerk of the probate court. All duties in respect to the *publication* of the

notice are expressly imposed upon "the judge or clerk of said court." [Sec. 74, R. S. 1919.]

It might be suggested that an administrator is a trustee for all parties having a beneficial interest in the estate under his administration and that by reason of that relationship the general duty rests upon him to see that all provisions of law with respect to the administration of estates are complied with. But an administrator is not a general trustee. He becomes a trustee only with respect to the property or assets which come into his custody or control under color of his office. With reference to such property he is a trustee for the creditors and the persons who will share in its distribution after the payment of debts, or have an interest in it otherwise. As such a trustee then what duty or interest of his is involved in the giving of notice of letters of administration? The notice prescribed by the statute is a warning notice. Its specific purpose is to start the running of the special Statute of Limitations which precludes the presentation of demands after a time considerably in advance of the bar of the general statute. The general object is of course to speed up the administration of estates to the end that they may be turned over to the persons beneficially interested in them at the earliest possible moment. It is no doubt incumbent upon the administrator to further this general purpose, but as trustee his specific duties in that regard are created by the particular circumstances of the situation in which he finds himself and are subject to the general conditions imposed upon him. The statute has expressly invested the authority to make publication of notice of letters in another, and if such publication be not made his duty to speed up the administration necessarily finds a limitation in that fact.

It is alleged in the petition and writ, "that said administration is being had on the estate of said deceased in order to clear the title" (to the land of which he died seized) "of and from any such charges" (the debts of creditors). The only persons having any interest in this

objective are the heirs and devisees of deceased. The relator as administrator does not represent them for any purpose. He is not in privity with them; nor does it appear that he is in any respect a trustee for them, there being no averment that he has taken possession of the real estate under an order of court for the purpose of subjecting it to the payment of debts.

Relator's claim for relief is based solely on his contention that the Act of 1923, repealing Sections 10405, 10406 and 10407, Revised Statutes 1919, is unconstitutional. The propriety of declaring a statute unconstitutional in order to award a discretionary writ has been gravely questioned. Clearly it should not be done where the right to the remedy itself aside from that consideration is involved in doubt. [State ex rel. v. McIntosh, 205 Mo. 589, 609.] We are of the opinion therefore that the writ in this case was improvidently issued and should be quashed. It is so ordered. *Walker, White, James T. Blair* and *David E. Blair, JJ.*, concur; *Graves, C. J.*, not sitting.