[Crim. No. 2798. Second Appellate District, Division One.—November 29, 1935.]

THE PEOPLE, Respondent, v. JOHN WESLEY WALTON et al., Defendants; ATWELL CURTIS, Appellant.

414

Atwell Curtis, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

YORK, J.—On January 24, 1928, an indictment was filed against appellant and two codefendants charging them with the crime of robbery on one count and with the crime of grand theft on another count. In January, 1930, appellant was arraigned, at which time he entered his plea of not guilty and not guilty by reason of insanity, and his trial was set for January 30, 1930. The court at that time appointed two doctors to examine appellant, both of whom reported that appellant had been confined in an asylum for the insane in Texas. Thereafter, to wit, on April 1, 1930, defendant went to trial and the jury returned a verdict of guilty on the robbery count and not guilty on the grand theft count of the indictment. His trial on the plea of not guilty by reason of insanity was set for April 4, 1930, at which time appellant in open court and represented by counsel withdrew his plea of not guilty by reason of insanity and waived time for sentence.

April 3, 1935, a petition for a writ of error *coram nobis,* on behalf of appellant was presented to the superior court and the same denied. On August 22, 1935, appellant again filed

a petition for writ of error *coram nobis* in the superior court, which said petition was denied. He prosecutes this appeal from the order of said superior court denying his application for such writ.

The sole point urged on this appeal by appellant is that the judgment of conviction of the crime of robbery entered against him by the superior court on April 4, 1930, was predicated upon an error of fact, which if known to the court would have prevented the rendition of said judgment, in that petitioner was insane at the time said proceedings were had against him and he was incapable of comprehending the same and unable to protect his interests.

As already stated, at the time of appellant's arraignment, he pleaded not guilty by reason of insanity, and the court at that time appointed physicians, both of whom reported upon appellant's commitment to a hospital for the insane in Texas, and the court considered said reports at the hearing of the case at the time of the original trial, at which time appellant withdrew his plea of not guilty by reason of insanity.

"The office of the writ of *coram nobis* is to bring the attention of the court to, and obtain relief from, errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian, or coverture, where the common-law disability still exists, or insanity, it seems, at the time of the trial; or a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake; these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned." *People* v. *Reid,* 195 Cal. 249, 255 [232 Pac. 457, 36 A. L. R. 1435], quoting from 5 Encyclopedia of Pleading and Practice, at page 27.

It is also held in the cited case of *People* v. *Reid, supra,* p. 258: "The uniform conclusion of the decisions is that the function of a writ of error *coram nobis* is to correct an error of fact. . . . The cases wherein the writ has issued, or relief equivalent thereto has been afforded, all seem to fall within one of the following classes: Where the defendant was insane at the time of trial and this fact was unknown to court and counsel . . . " (Citing cases.)

In the case before us, the question of the sanity of defendant was raised at the time of his trial on the felony charge and was known to and considered by the court at that time. ▮ Further, the second petition for the writ was properly denied for the reason—if there were no other—that the first petition having theretofore been denied, no new fact for the issuance of the writ appeared in the second petition. See *People* v. *Vernon,* 9 Cal. App. (2d) 138, 49 Pac. (2d) 326.

The order denying petition for writ of error *coram nobis* is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 23, 1935.