STATE of Missouri ex rel. Ann Marie Mc-GARRY, Thomas J. McGarry and Patrick J. Hamill, Relators,

v.

Robert J. KIRKWOOD, Judge of the Circuit Court of the City of St. Louis, Div. No. 2 and His Successor as Judge of said Division No. 2, Respondent.

No. 32806.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1967.

Donald V. Fraser, Jr., Susman, Willer, Rimmel & Elbert, Harold I. Elbert, St. Louis, for relators.

W. W. Sleater, Suelthaus & Krueger, St. Louis, for respondent.

DOERNER, Commissioner.

■ This is an original proceeding in mandamus to compel the respondent or his successor to set aside an order dismissing relators' motions for the appointment of a guardian ad litem for one of the defendants alleged to be incompetent and to hear said motions on their merits. Since the respondent dismissed the motions solely on the ground that as a matter of law the court had no jurisdiction to appoint a guardian ad litem, and as the facts are uncontroverted, we issued our alternative writ. State ex rel. Fielder v. Kirkwood, 345 Mo. 1089, 138 S.W.2d 1009; State ex rel. General Motors Acceptance Corp. v. Brown, 330 Mo. 220, 48 S.W.2d 857; State ex rel. Reis v. Nangle, Mo.App., 349 S.W. 2d 508.

It appears from the pleadings and exhibits before us that relator Patrick J. Hamill instituted the action below against John N. Hamill and Mary A. Hamill, his brother and sister, to have 28 shares of the common stock of the P. J. Hamill Transfer Co., presently registered in their names, divided equally between relator and his seven living brothers and sisters, (including John and Mary), and the sole legatee of a deceased sister. In his petition Patrick alleged that said 28 shares, owned by his mother and father at the time of their deaths, descended to their nine children by operation of law in the absence of administration on his parents' estates. The suit was instituted as a class action on behalf of Patrick and those similarly situated but not joined. After their motion to dismiss was overruled, defendants John, Mary and the Transfer Company filed a joint answer in which they pleaded that all of the brothers and sisters, including Patrick, had agreed following their mother's death that the shares standing in her name should be given to their father; and denied that afterward, at the time their father died, he was the owner of any shares. On the same day they filed their answers the defendants orally moved to join the other living

brother and sisters, which motion the court sustained and process was served upon them.

Thereafter one brother, Daniel T. Hamill, entered his appearance, adopted plaintiff's petition, and aligned himself with Patrick. One sister, Ann Marie McGarry, (another relator here) filed a motion to require the defendants to make their answer more definite and certain. After obtaining time to plead for one sister, Alice M. M_____,[1] the same counsel who represented John, Mary and the Transfer Company filed separate answers on behalf of the three remaining sisters, Virginia Wehner, Loretto Woods, and Alice. By all of such answers the matters pleaded in the joint answer of John, Mary and the Transfer Company were adopted, and it was further stated that the sister answering did not wish to become a party to the action and that Patrick did not represent her nor sue as her representative. The third relator here, Thomas J. McGarry, who is the sole legatee under the will of the deceased sister, Genevieve Hamill, filed an ex parte motion to intervene, which the court sustained and granted him 60 days within which to plead.

After Alice had been granted time to plead but before her answer was filed Patrick filed a motion for the appointment of a guardian ad litem for Alice. Subsequently, after her answer was filed, similar separate motions were filed by Thomas and by Ann Marie. While the allegations in the three motions are not the same, they may be fairly summarized as stating that Alice is afflicted with a degenerative brain disease which has caused premature and advanced senility; that she has been hospitalized for two stated periods, during which medical authorities determined her medical prognosis to be completely negative; that by reason of her condition she is not able to comprehend the issues nor understand her rights in the matter before the court; that in addition to her mental incapacity she lacks physical capacity to sign her name and could not have authorized anyone to represent her; that her interest, which may exceed $35,000, is diametrically opposed to those of John and Mary; that she has never been adjudicated as incompetent to handle her affairs; and that her husband stated that he would not do anything concerning his wife's interest, but rather allow a judgment to be entered against her by default. In addition to their motions, Thomas and Ann Marie filed written interrogatories in which they propounded various questions to John and Mary concerning the latter's knowledge and belief as to the physical and mental health of Alice, whether they were present when she is alleged to have signed her answer, and similar inquiries. John and Mary filed objections to such interrogatories in which they pleaded that the court was without jurisdiction to entertain any matter pertaining to the questions asked them. On October 28, 1966 the objections of John and Mary to both sets of interrogatories were presented and heard. Their objections to the interrogatories of Thomas J. McGarry were sustained and those to the interrogatories of Ann Marie taken under advisement by the court, with leave to the parties to file successive briefs. Although the three separate motions for the appointment of a guardian had never been called up and heard or submitted, the respondent, on December 7, 1966, entered the following order:

" 'In the instant case Thomas J. McGarry has filed a motion for the appointment of a guardian ad litem for defendant Alice M. M_____, nee Hamill. There is no evidence before the Court that Alice M. M_____ is incompetent; the statement of attorney is not sufficient to establish her incompetent. If she is incompetent it would be necessary

1. Counsel for respondent have appended the following to their brief: "It is requested that the full name of ·Alice M. M_____ not appear in any reported opinion of this matter."

to establish this fact in the county where she lives (475.035, R.S.Mo. 1959). So, therefore, if a guardian is to be appointed the venue is in St. Louis County.

" 'The Court, therefore, denies the motion on the grounds it has no jurisdiction.' "

While the relators' separate motions for the appointment of a guardian ad litem were never formally submitted to respondent, the parties on both sides treat the foregoing order as the denial and overruling of all such motions, and we shall do likewise.

■ Of course, there was no evidence before the court concerning the competency of Alice because the separate motions had never been called up for hearing and an opportunity afforded relators to present such evidence as they might be able to produce on that subject. However, the basis for the respondent's dismissal of the relators' motions, as shown by his order, was his opinion that he could not entertain such motions because he had no jurisdiction to appoint a guardian ad litem for Alice even though she was incompetent, and that if she was incompetent it was necessary to have her adjudicated and a guardian appointed for her in accordance with our Probate Code, § 475.010 et seq., RSMo 1959, V.A.M.S. We cannot agree with the conclusion of the learned respondent that under the circumstances which prevailed in the pending action he was without jurisdiction to entertain the motions for the appointment of a guardian ad litem for Alice. As early as Bensieck v. Cook, 110 Mo. 173, 19 S.W. 642, decided in 1892, the Supreme Court approved the action of the trial court in appointing a guardian ad litem for a husband whose wife, in her answer to a suit in ejectment, alleged that he was insane. That view was affirmed in Graves v. Graves, 255 Mo. 468, 164 S.W. 496, 501, where it was said that if no guardian ad litem was appointed for an incompetent defendant then he " * * * never had his day in court in the full sense of the term, and a judgment rendered against him, after a suggestion of lunacy as here, would smack of legal, if not actual, fraud. * * * " Hence the law is, as recently stated in In re M————, Mo.App., 393 S.W.2d 109, 115, that " * * if it affirmatively appears that a party to an action, not in ward, is mentally ill or incompetent, then the court should inquire into his mental condition for the purpose of the particular litigation, so a guardian ad litem or other representative may be appointed to protect his interests. * * * " The action pending before respondent is one in equity, and " * * * At common law the conscience of a court of chancery could be invoked in the interest of the insane." Tracy v. Sluggett, 360 Mo. 1120, 232 S.W.2d 926, 930. In view of the allegations in relators' motions regarding Alice's lack of mental capacity and the claimed refusal of her natural protector, her husband, to do anything towards the defense and preservation of her interest, we are firmly of the opinion that the respondent as chancellor not only had jurisdiction to hear and determine such motions on their merits, but that under the authorities cited it was his positive duty to do so.

■ It does not necessarily follow, however, that relators are therefore entitled to our peremptory writ of mandamus. A writ of mandamus is a hard and fast unreasoning writ, and is reserved for extraordinary emergencies. State on inf. Barker ex rel. Kansas City v. Kansas City Gas Co., 254 Mo. 515, 163 S.W. 854; State ex rel. Horton v. Bourke, 344 Mo. 826, 129 S.W.2d 866. It is not a writ of right, and its issuance is largely discretionary with the court in each particular case. State ex rel. St. Louis Public Service Co. v. McMullan, Mo., 297 S.W.2d 431, 62 A.L.R.2d 1281; Perkins v. Burks, 336 Mo. 248, 78 S.W.2d 845. Hence "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed. He must show himself possessed of a clear and legal right to the remedy. * *" State ex rel. Porter v. Hudson, 226 Mo.

239, 126 S.W. 733, 740; State ex rel. Phillip v. Public School Retirement System of City of St. Louis, 364 Mo. 395, 262 S.W.2d 569, 574; and a relator must also show that he has a beneficial interest to be subserved by the suit "* * * and is the party who has suffered injury by the acts of the respondent or his refusal to act. * * *" State ex rel. Jacobsmeyer v. Thatcher, 338 Mo. 622, 92 S.W.2d 640, 642; State ex rel. Buder v. Brand, 305 Mo. 321, 265 S.W. 989.

Relators rest their right to mandamus on the ground that if a hearing is not held on whether or not Alice is incompetent then at some future time a judgment entered in the action below might be set aside because of her incompetency. But in view of the situation which exists in that action it is clear that any judgment obtained by relators could not be successfully attacked by Alice on such grounds. For what relators seek is a judgment and decree declaring that Patrick and each of the other eight children of Catherine and Patrick J. Hamill, upon their deaths, became by operation of law the owner of 3½ shares of stock in the Transfer Company. If relators are successful it necessarily follows that Alice will also prevail, so that even if incompetent there will be no legal basis or reason to set aside a judgment in which she will have obtained all that is due her. On the other hand, if relators do not obtain the judgment and decree they seek then there will be no judgment in their favor which Alice may attack on the ground of incompetency. In short, relators' interests are consistent with and not adverse to those of Alice.

It is true, of course, that the situation will be entirely different if John and Mary prevail in the action pending below. For by a judgment in their favor Alice's interest will be adversely affected, and if she is in fact incompetent any judgment rendered against her without the appointment of a guardian ad litem "* * * would smack of legal, if not actual, fraud. * * *" Graves v. Graves, 255 Mo. 468, 164 S.W.

496, 501. But the possibility of such a situation arising does not entitle relators to mandamus, for if it materializes they will not be injured thereby.

We conclude, therefore, that our alternative writ was improvidently issued and should be quashed. It is so ordered.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, the alternative writ is quashed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.

